IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. 12-1788

ROBIN HOOD, et al.,

**ORDER DISMISSING CASE**

        Plaintiffs,

   v.

US GOVERNMENT, et al.,

        Defendants.

_____/

On April 10, 2012, plaintiff filed a complaint attacking a decision in another case involving plaintiff in this District, *Connie Mardesich v. Tevis Ignancio*, CV 12-867 EJD. There, plaintiff removed from state court a domestic relations action in which he is a defendant. Judge Davila found that federal jurisdiction over the action was lacking, and remanded the case to Santa Clara County Superior Court. *See* 12-867, Dkt. 15. Plaintiff then filed the instant complaint, which names the "U.S. Government, et al." as defendant, alleging that Judge Davila "under color of authority, has deliberately used his position to throw a case on April 5, 2012 in an ongoing dispute against the poor class." Compl. at 1. The complaint also makes reference to the Racketeer Influenced and Corrupt Organizations (RICO), and states that he is filing "this class action lawsuit" on behalf of other "prisoners" like himself. Plaintiff then describes a person who received a sentence under California's "3 Strikes law," and states that he and other "non violent prisoners" did not receive a fair trial under the "1st, 4th, 5th, 6th, 7th, 8th, 13th, & 14th amendment." Along with his complaint, plaintiff filed an application to proceed *in forma pauperis* ("IFP").

Title 28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed IFP if the Court determines that the complaint is frivolous or fails to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). On April 20, 2012, the Court issued an order granting plaintiff's IFP application and dismissing his complaint with leave to amend. *See* April 20, 2012 Order, dkt. 8. The

1  Court stated that plaintiff failed to state an actionable RICO claim; that naming Amendments to the
2  Constitution was insufficient to state a claim; that plaintiff did not establish standing to sue on behalf
3  of a class of incarcerated people; and that Judge Davila is immune from suit under the doctrine of
4  judicial immunity. *Id.* at 2. The Court stated that plaintiff had until May 4, 2012 to file an amended
5  complaint, and that the complaint "must set forth this Court's jurisdiction, plaintiff's standing to sue,
6  what the nature of his claim is, a short and plain statement of those claims, against whom he is bringing
7  them, and most importantly, a cause of action upon which relief may be granted." *Id.* at 2-3.

8  Since the April 20, 2012 Order, plaintiff has made a number of filings with the Court. *See* Dkts.
9  9, 10, 11, 13, 15, and 16. None of the documents, including plaintiff's May 4, 2012 "Amended
10 Complant(s) [sic] to Show Cause, Motion to serve documents, Federal Rules of Evidence 201 and 401"
11 state a claim upon which relief can be granted. The allegations, where they exist, are conclusory and
12 do not invoke any cause of action. Plaintiff states that "What I am asserting under RICO is the plain
13 fact that too many judges deny justice in cases to cover up for errors made by the partisanship. Many
14 prosecutors/ judges in my personal opinion could be looking at years behind bars for abuse of authority
15 as damage is done in which one can testify too as a witness in my own cases and others." *See* Dkt. 10
16 at 3. This is not a claim under RICO. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)
17 (under RICO, a plaintiff must assert "(1) conduct (2) of an enterprise, (3) through a pattern (4) of
18 racketeering activity.") Nor has plaintiff stated a short and plain statement of the claim showing that
19 he is entitled to relief, as required by Federal Rule of Civil Procedure 8(a).

20 Because plaintiff failed to state a claim for relief after being afforded an opportunity to amend
21 his complaint, pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court hereby
22 DISMISSES WITH PREJUDICE plaintiff's complaint.

23 The clerk shall close the file.
24 **IT IS SO ORDERED.**

25
26 Dated: June 18, 2012
27 SUSAN ILLSTON
   United States District Judge
28

2