IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. 12-1788

ROBIN HOOD, et al.,

           Plaintiffs,

   v.

US GOVERNMENT, et al.,

           Defendants.
                                             /

**ORDER DENYING MOTION FOR RECONSIDERATION; REVOKING IN FORMA PAUPERS STATUS**

On June 18, 2012, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), which authorizes federal courts to dismiss a complaint filed *in forma pauperis* ("IFP") if the Court determines the complaint is frivolous or fails to state a claim on which relief may be granted. *See* Order Dismissing Case, Dkt. 18. On July 16, 2012, plaintiff filed a "Motion to Reconsider and Authenticate Documents." *See* Dkt. 21. On July 31, 2012, plaintiff filed a notice of appeal. On August 6, 2012, the Ninth Circuit Court of Appeals referred the case to this Court for the limited purpose of determining whether IFP status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3).

With respect to the motion to reconsider, that request is DENIED. Civil Local Rule 7-9 allows a party to seek reconsideration where it can show

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

1  Civ. L. R. 7-9. Plaintiff makes no such showing. He states only that, "[a]s this kind of dismissal goes
2  to the plaintiff case, as it goes to running a corrupt justice system that clearly is throwing cases as
3  plaintiffs can not receive a fair trial or due process of law and these documents might be used to show
4  such corruption at trial in which so many other who might cite this action to have Federal and State
5  Judges disbarred if such signature is found to be seen as a cover-up and authenticated." Dkt. 21 at 1.
6  It appears plaintiff's concern is that the undersigned judge's signature was forged on the Order
7  Dismissing Case. This is not a reason to warrant a motion for reconsideration. *See* Civ. L. R. 7-9.

8  With respect to the Referral Notice, the Ninth Circuit requests that this Court determine whether
9  IFP status should continue for plaintiff's appeal or whether the appeal is frivolous or taken in bad faith.
10 *See* Referral Notice, No. 12-16691, dkt. 3 at 1 (*citing* 28 U.S.C. § 1915(a)(3); *Hooker v. American*
11 *Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where
12 district court finds the appeal to be frivolous)). This Court granted plaintiff IFP status, dismissed his
13 original, unintelligible complaint, and granted him leave to amend. *See* dkt. 8. The Court stated that
14 plaintiff's amended complaint "must set forth this Court's jurisdiction, plaintiff's standing to sue, what
15 the nature of his claim is, a short and plain statement of those claims, against whom he is bringing them,
16 and most importantly, a cause of action upon which relief may be granted." *Id.* at 2-3. Plaintiff's
17 amended complaint failed to abide by any of those instructions, and the Court dismissed the case with
18 prejudice. *See* Dkts. 10 and 18. The Court now finds that the appeal is frivolous, and hereby
19 REVOKES plaintiff's IFP status.[1]

20 Dockets 17, 21 and 25.
21 **IT IS SO ORDERED.**

23 Dated: August 10, 2012

SUSAN ILLSTON
United States District Judge

---

[1] On June 15, 2012, plaintiff filed another document entitled "Declaration of (1443 Defendant)/Plaintiff Motion to Vacate State Court Rulings and Transfer Case to Related Case." *See* Dkt. 17. It is similarly difficult to comprehend. Insofar as the document is a motion, this case is now closed, and the motion is DENIED. No further documents or motions shall be filed in this closed case.

2